UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLEMAN; and MC HEALTH & WELLNESS CENTER, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S OFFICE; DEPUTY TIM ESTES; DEPUTY GARY NUNNELLY; and DOES 1–10,<br><br>Defendants. | No. 2:17-cv-00655-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants County of Shasta, Shasta County Sheriff's Office, Deputy Tim Estes, and Deputy Gary Nunnelly's (collectively, "Defendants") Motion to Dismiss (ECF No. 13) and Motion to Strike (ECF No. 14). Plaintiffs James Coleman and MC Health and Wellness Center, Inc. (collectively, "Plaintiffs") opposed both motions. (ECF Nos. 16, 17.) Defendants replied. (ECF Nos. 18, 19.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss and DENIES Defendants' Motion to Strike.

///

///

///

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Coleman ("Coleman") is a resident and property owner in Shasta County, California. (ECF No. 9 at 2.) Plaintiff MC Health and Wellness Center, Inc. ("MC Health") is a California corporation that grows marijuana for qualified patients under the California Medical Marijuana Program Act. (*Id.*) Plaintiffs are in a contractual relationship, wherein Coleman provides MC Health with the use of his property to grow marijuana and also provides his individual services associated with that activity. (*Id.* at 8.)

On August 10, 2016, Defendants Estes and Nunnelly responded to a disturbance between Coleman and his neighbors. (*Id.* at 5.) Coleman is African American, and his neighbors are Caucasian. (*Id.* at 7, 9.) Plaintiffs allege that while at the scene, Defendants Estes and Nunnelly removed a locked gate and entered Coleman's property without a warrant or consent. (*Id.*) Plaintiffs further allege that the deputies conducted a search, located marijuana plants growing on the property, and then destroyed the marijuana plants. (*Id.*)

Plaintiffs filed the First Amended Complaint ("FAC") on July 28, 2017. (ECF No. 9.) In relevant part, Plaintiffs assert various constitutional claims, state law claims, and common law tort claims based on Defendants' alleged racial discrimination. (*Id.*) Defendants filed the instant motions on August 11, 2017. (ECF Nos. 13, 14.) In their Motion to Dismiss, Defendants move to dismiss seven of Plaintiffs' claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 13.) In their Motion to Strike, Defendants move to strike allegations concerning the Takings Clause of the Fifth Amendment. (ECF No. 14.) The Court will address each motion in turn.

II.  **MOTION TO DISMISS**

   A.   <u>Standard of Law</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and

the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the Defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than

"a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### B. Analysis

Defendants argue that the Court should dismiss the following claims pursuant to Rule 12(b)(6): (1) violation of 42 U.S.C. § 1981 ("§ 1981"); (2) violation of 42 U.S.C. § 1982 ("§ 1982"); (3) *Monell* liability for violation of 42 U.S.C. § 1983 ("§ 1983"); (4) violation of the California Unruh Act, California Civil Code § 51 ("Unruh Act"); (5) violation of the California Bane Act, California Civil Code § 52.1 ("Bane Act"); (6) negligent infliction of emotional distress ("NIED"); and (7) interference with contractual relations.

#### *i.* § 1981 Claim

Defendants challenge Plaintiffs' § 1981 claim on two grounds. First, Defendants argue that Plaintiffs fail to allege racial discrimination. (ECF No. 13 at 19.) Second, Defendants argue that the Court should dismiss the § 1981 claim as to Defendants Shasta County and Shasta County Sheriff's Office (collectively, "County Defendants") because Plaintiffs fail to allege any policy or custom that would establish *Monell* liability. (ECF No. 13 at 22.)

##### a. Failure to Allege Racial Discrimination

Section 1981 "prohibits racial discrimination in the making and enforcement of private

4

contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976).  To state a claim under § 1981, a plaintiff must plausibly allege "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (internal citations omitted).  The complaint must set forth "overt acts" of discrimination and contain facts to establish that the defendant's conduct was motivated by racial animus.  *Id.* at 1345.

Plaintiffs allege that Defendants Estes and Nunnelly chose not to investigate Coleman's Caucasian neighbor and did not prepare a complete report of the incident with facts that would have been beneficial to Coleman because he is African American.  (ECF No. 9 at 4–5.)  Plaintiffs also allege that Defendants Estes and Nunnelly told him, "We don't want this or your kind."  (ECF No. 9 at 6.)  Read in the light most favorable to Plaintiffs, these allegations support a reasonable inference that Defendants Estes and Nunnelly's comments and actions were motivated by racial animus towards Coleman as an African American.  As such, the Court finds Plaintiffs' allegations of intentional racial discrimination are sufficient to survive Defendants' motion to dismiss.

b. *Monell* Liability

Plaintiffs also bring their § 1981 claim against County Defendants.  (ECF No. 9 at 10).  A plaintiff bringing a § 1981 claim against a municipality must allege that his or her injury was caused by an official "policy or custom" as set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1205 (9th Cir. 1996).  To bring a *Monell* claim, Plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered."  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).

Here, Plaintiffs allege "Defendants acted under a policy, custom, or ratification of behavior amounting to an expression of official policy when they denied Plaintiffs' rights."  (ECF No. 9 at 10.)  Plaintiffs also allege more specifically that (1) Shasta County zoning ordinances regarding the cultivation of medical marijuana authorize warrantless searches and destruction of property without a hearing, and (2) the County provides Caucasian marijuana growers with alternative procedures to avoid abatement.  (ECF No. 9 at 6–7.)  The Court thus finds that

Plaintiffs sufficiently allege *Monell* liability for their § 1981 claim.

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiffs' § 1981 claim.

### ii. § 1982 Claim

Section 1982 prohibits private racial discrimination in the sale or rental of real or personal property. *Runyon*, 427 U.S. at 170. "To state a claim for racial discrimination under § 1982, Plaintiffs must allege that the defendant acted with the intent to discriminate against him because of his race." *White v. Turner Sec. Sys.*, No. 118-cv-01314-DAD-SAB, 2018 WL 4772335, at *4 (E.D. Cal. Oct. 1, 2018).

Defendants again argue that Plaintiffs fail to allege racial discrimination. (ECF No. 13 at 19.) For the same reasons articulated above, the Court concludes that Plaintiffs' allegations of intentional racial discrimination are sufficient to survive a motion to dismiss. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' § 1982 claim.

### iii. § 1983 Claim

As with the § 1981 claim, County Defendants argue that the Court should dismiss the § 1983 claim against County Defendants because Plaintiffs fail to allege any policy or custom that would establish *Monell* liability. (ECF No. 13 at 22.) As discussed, Plaintiffs sufficiently allege *Monell* liability. The Court thus DENIES Defendants' motion to dismiss the § 1983 claim.

Alternatively, Defendants request a more definite statement under Rule 12(e). (ECF No. 13 at 29.) Defendants argue that Plaintiffs' *Monell* allegations are inconsistent because Plaintiffs allege that the County's policy is to condone warrantless searches of marijuana grows, but then Plaintiffs also allege that the County's policy is to provide Caucasian marijuana growers with due process before it takes any abatement action. (*Id.*)

A motion for a more definite statement should be denied unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This is a liberal standard as the parties are expected to familiarize themselves with the claims and ultimate facts through the discovery process. *See Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). "Thus, a motion for a more

definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal.1979)).

Plaintiffs allegations are not necessarily inconsistent. It is plausible that more than one policy or custom was involved in the instant case: one condoning warrantless searches, and another providing Caucasian marijuana growers with due process before taking any abatement action. Facts about those alleged policies will become clearer during the discovery process. *See Famolare, Inc.*, 525 F. Supp. at 949. As it is, Plaintiffs allegations are not "so vague or ambiguous" that Defendant cannot reasonably respond. *See* Fed. R. Civ. P. 12(e). Therefore, the Court DENIES Defendant's motion for a more definite statement.

*iv.     Unruh Act Claim*

The Unruh Act was enacted to "create and preserve a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments." *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 167 (2007). The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . race . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

Defendants argue Plaintiffs fail to allege that Defendants discriminated in a business context. (ECF No. 13 at 25.) The California Supreme Court has held that the term "business establishment" should be construed "in the broadest sense reasonably possible." *Isbister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72, 78 (1985) (internal quotation marks omitted); *McGee v. Poverello House*, No. 118-cv-00768-LJO-SAB, 2019 WL 5596875, at *4 (E.D. Cal. Oct. 30, 2019).

As previously discussed, Plaintiffs sufficiently allege racial discrimination. Regarding whether that discrimination took place in a "business establishment," Plaintiffs allege that MC Health business operations — the marijuana grow — took place on Coleman's property. (ECF No. 9 at 14.). Plaintiffs also allege that Coleman showed Defendants Estes and Nunnelly

documents proving that MC Health was incorporated in California, including tax information and a business credit card. (ECF No. 9 at 6.) Applying a broad interpretation and drawing reasonable inferences in Plaintiffs' favor, the marijuana grow plausibly constitutes a business establishment.

The Court notes that Plaintiffs do not bring a typical Unruh Act claim in that Plaintiffs do not allege discrimination *by* the business establishment. *Angelucci*, 41 Cal. 4th at 167. Indeed, such a claim would be illogical because Plaintiffs' marijuana grow is the "business establishment" in this case. But Defendants do not raise this issue in their motion, and the Court is not inclined to address it *sua sponte*. Rather, the Court finds that Plaintiffs' allegations state a plausible claim that the alleged discrimination took place in a business establishment and therefore declines to grant Defendants' motion to dismiss at this stage. The Court thus DENIES Defendants' motion to dismiss Plaintiffs' Unruh Act claim.

*v.  Bane Act Claim*

The Bane Act provides for liability when someone, "by threat, intimidation, or coercion," interferes with "rights secured by the Constitution or laws of the United States" or those of California. *See* Cal. Civ. Code § 52.1(b). The Bane Act does not require a showing of "threat, intimidation or coercion" independent from the constitutional violation alleged. *See Reese v. Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). However, the Ninth Circuit has held that the Bane Act requires a defendant to have had a specific intent to violate the plaintiff's protected rights. *Id.*

Defendants argue that Plaintiffs do not allege any actual threat, intimidation, or coercion beyond the search, seizure, and ultimate destruction of the marijuana plants. (ECF No. 13 at 26.) Although Plaintiffs argue in opposition that Defendants Estes and Nunnelly threw Coleman down, Plaintiffs do not cite nor can the Court locate such an allegation in the FAC. (ECF No. 16 at 6.) However, Plaintiffs assert that during the allegedly unlawful search and seizure Defendants told him, "We don't want this or your kind" and told him that he needed to move to another county. (ECF No. 9 at 6.) Such allegations support a reasonable inference that Defendants interfered with Plaintiffs' rights by threat, intimidation, or coercion. The Court therefore DENIES Defendant's motion to dismiss Plaintiffs' claim under the Bane Act.

####### vi. NIED

Defendants argue that Plaintiffs cannot bring a claim for negligent infliction of emotional distress because such a cause of action does not exist under California law. (ECF No. 13 at 27.)

Under California law, NIED requires the traditional elements of tort negligence: duty, breach, causation, and damages. *Klein v. Children's Hosp. Med. Ctr. of Northern Cal.*, 46 Cal. App. 4th 889, 894 (1996). Plaintiffs may recover for emotional distress in negligence cases under three theories: (1) direct victim; (2) bystander; and (3) emotional distress incidental to physical injury. *Id.; see also Robinson v. United States*, 175 F. Supp. 2d 1215, 1224 (E.D. Cal. 2001). Here, it appears Plaintiff is asserting a "direct victim" theory of liability for NIED. A direct victim claim is based upon the defendant's violation of a duty owed directly to the plaintiff. *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1038 (1998).

Plaintiffs concede that Defendants did not owe a special duty to Plaintiffs. (ECF No. 9 at 18.) Rather, Plaintiffs allege only that Defendants had a general duty to prevent harm. (*Id.*) The California Supreme Court has held that "there is no duty to avoid negligently causing emotional distress to another, and that damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff." *Potter v. Firestone Tire & Rubber*, 6 Cal. 4th 965, 984 (1993). Because Plaintiffs fail to plead that Defendants owed them a special duty and in fact concede that Defendants did *not* owe Plaintiffs any special duty, the Court GRANTS Defendants' motion to dismiss Plaintiffs' NIED claim without leave to amend. *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1125 (E.D. Cal. 2014) ("A purported [NIED] claim fails in the absence of defendants' cognizable duty owed in relation to plaintiffs."); s*ee also Blanco v. Cty. of Kings*, 142 F. Supp. 3d 986, 1005 (E.D. Cal. 2015) ("Amendment as to this claim would be futile, as the Court has been unable to identify any duty Defendants plausibly could have owed her under the circumstances.").

####### vii. Interference with Contractual Relations

To prevail on a claim for intentional interference with the performance of a contract, a plaintiff must establish the following: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a

breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas and Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); *Gardner v. Shasta Cty.*, No. 2:06-cv-0106-MCE-DAD, 2007 WL 3243847, at *6 (E.D. Cal. Nov. 1, 2007).

Defendants argue that Plaintiffs cannot state a claim for intentional interference with contractual relations because Plaintiffs fail to allege that (1) there was a valid contract, (2) the contract has been breached or disrupted, and (3) Defendants had knowledge of the purported contract. (ECF No. 13 at 28–29.) Defendants also argue that the underlying contract was illegal because marijuana possession, cultivation, and distribution is illegal under federal law. (ECF No. 13 at 29.) Plaintiffs' only argument in opposition is that the contract was not illegal. (ECF No. 16 at 7.)

As to Defendants' argument that the alleged contract was illegal and thus invalid, the Court declines to dismiss the claim based on illegality at this early stage, primarily because more details are necessary to determine the legality of the contract. *See*, *e.g.*, *Mann v. Gullickson*, No. 15-cv-03630-MEJ, 2016 WL 6473215, at *9 (N.D. Cal. Nov. 2, 2016) ("Given the federal government's wavering policy on medical marijuana in states that regulate this substance, and California's expressed policy interest in allowing qualified patients to obtain medical marijuana, the purported illegality here is not one the Court finds to mandate non-enforcement of the parties' contract.").

Defendants' remaining arguments are similarly unpersuasive. Plaintiffs allege that Defendants destroyed marijuana belonging to patients, and thereby prevented Plaintiffs from fulfilling its contractual obligations to those third parties. (ECF No. 9 at 19.) Plaintiffs also allege that Coleman informed Defendants of this contractual relationship prior to the destruction of the plants. (*Id.*) Taking these allegations as true, Plaintiffs state a plausible claim for intentional interference with contractual relations. Therefore, Defendants' motion to dismiss this claim is DENIED.

///

///

**III.    MOTION TO STRIKE**

   A.   Standard of Law

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. 11-cv-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

   B.   Analysis

Defendants move to strike Plaintiffs' § 1983 allegations regarding the Takings Clause of the Fifth Amendment. (ECF No. 14 at 6.) Defendants cite *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), wherein the Supreme Court held that a plaintiff cannot pursue a federal takings claim until he or she has first been denied just compensation in a state inverse condemnation proceeding. (ECF No. 14 at 4.) Applying *Williamson*, Defendants argue that Plaintiffs cannot invoke the Takings Clause because they did not first exhaust state remedies before bringing suit in federal court. (*Id.*)

Fatal to Defendants' argument is the fact that the Supreme Court overruled *Williamson* in 2019. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019) ("We now conclude that the state-litigation requirement imposes an unjustifiable burden on takings plaintiffs, conflicts with the rest of our takings jurisprudence, and must be overruled."). Pursuant to *Knick*, Plaintiffs may bring their § 1983 claim regardless of whether they first pursued state remedies. *See id.* at 2171 ("The availability of any particular compensation remedy, such as an inverse condemnation claim

under state law, cannot infringe or restrict the property owner's federal constitutional claim.").
Thus, the Court DENIES Defendants' motion to strike with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' NIED claim without leave to amend, DENIES Defendants' Motion to Dismiss as to Plaintiffs' remaining claims, and DENIES Defendants' Motion for a More Definite Statement. (ECF No. 13.) The Court also DENIES Defendants' Motion to Strike with prejudice. (ECF No. 14.) Defendants shall file a responsive pleading within twenty-one (21) days of the date of electronic filing of this Order.

IT IS SO ORDERED.

Dated: February 3, 2020

Troy L. Nunley
United States District Judge