UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES COLEMAN, IV and MC HEALTH & WELLNESS CENTER, INC.,

Plaintiffs,

v.

COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S OFFICE; DEPUTY TIM ESTES; DEPUTY GARY NUNNELY; and DOES 1–10,

Defendants.

No. 2:17-cv-00655-TLN-DMC

**ORDER**

This matter is before the Court on Plaintiffs James Coleman, IV and MC Health & Wellness Center, Inc.'s (collectively, "Plaintiffs") Motion to Modify the Scheduling Order. (ECF No. 28.) Defendants County of Shasta, Shasta County Sheriff's Office, Deputy Tim Estes, and Deputy Gary Nunnely (collectively, "Defendants") filed an opposition. (ECF No. 29.) Plaintiffs did not file a reply. For the reasons set forth below, the Court DENIES Plaintiffs' motion.

Plaintiffs request a three-month extension to the discovery deadline.[1] (ECF No. 28-1 at 7.) The Scheduling Order in this case provides that, pursuant to Federal Rule of Civil Procedure

---

[1] More specifically, Plaintiffs seek to extend the discovery deadline from November 2, 2020, to February 1, 2021. (ECF No. 28-1 at 7.) Arguably, Plaintiffs' motion is now moot — both the current and requested discovery deadlines have already passed. The Court nonetheless construes Plaintiffs' motion as a request to reopen discovery for three additional months.

1

("Rule") 16(b), the order "shall not be modified except by leave of court upon a showing of good cause." (ECF No. 27 at 8.) Rule 16(b) states the Court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotations omitted). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

In the instant case, the Court issued the Scheduling Order on May 19, 2020. (ECF No. 27.) The Scheduling Order set the close of discovery for November 2, 2020. (*Id.* at 2.) During that five-month period, Plaintiffs' counsel, Samuel C. Williams ("Mr. Williams"), apparently conducted no discovery. Mr. Williams offers a wide assortment of excuses for this delay: the COVID-19 pandemic; the backlog of cases in Shasta County Superior Court; California wildfires; transition from a paper-based calendar to an electronic calendar; communication failures within his law firm; a "fungal infection in [his] groin"; and a car accident involving Mr. Williams's wife and daughter that has forced him to take over "much of the family driving, picking up medications, grocery shopping, and cooking." (ECF No. 28-2 at 2–5.)

Plaintiffs fail to persuade the Court that they have been reasonably diligent in seeking to comply with the Scheduling Order. Although Mr. Williams asserts that he "discovered" the discovery deadline "when there were just 30 days left within the period set aside for discovery" (ECF No. 28-1 at 4), the Scheduling Order clearly put Plaintiffs on notice of the November 2, 2020 discovery deadline as early as May 19, 2020. (*See* ECF No. 27.) In fact, Mr. Williams filed a joint statement proposing the November 2, 2020 discovery deadline even earlier — on April 22,

2

2020. (ECF No. 26 at 6.) Notably, the joint statement also asserts that "[t]he parties agree that a discovery plan may be affected by the COVID-19 virus response, and that if this plan needs to be modified due to the COVID-19 response, they will meet and confer in good faith and attempt to stipulate to such a modification." (*Id.* at 5.) Mr. Williams did not reach out to opposing counsel about an extension until October 29, 2020, and he did not file the instant motion to modify the scheduling order until November 2, 2020 — the day of the discovery deadline. While the Court is mindful Mr. Williams suffered several personal hardships in 2020, none of Mr. Williams's excuses persuade the Court that he was reasonably diligent in conducting discovery or seeking an extension of the discovery deadline sooner.

In addition, Defendants correctly point out that this case has been pending since early 2017. (ECF No. 29 at 12.) It also bears mentioning that Defendants filed a motion for summary judgment on April 1, 2012. (*See* ECF No. 25.) The motion for summary judgment has been fully briefed and is currently pending before the Court. As such, Defendants would experience "at least some prejudice" due to the delay in proceedings that would occur if discovery was reopened at this time. *See Dimitre v. Cal. State Univ. Employees' Union*, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019).

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Modify the Scheduling Order. (ECF No. 28.)

IT IS SO ORDERED. DATED: May 20, 2021

Troy L. Nunley
United States District Judge